# THE UNTED STATES DISTRICT COURT
# FOR THE CENTRALDISTRICT OF CALIFONRIA

| | | |
|---|---|---|
| CHANEL, INC.,<br>a New York corporation, | ) ) ) | CASE NO.: CV 14-4311-DMG (JEMx) |
| Plaintiff, | ) ) ) | **CONSENT FINAL JUDGMENT AND PERMANENT INJUNCTION [32]** |
| v. | ) ) | |
| MYKIN KAREN PAN, et al., | ) ) ) ) | |
| Defendants. | ) ) | |

Plaintiff, Chanel, Inc. ("Chanel"), and Defendants Mykin Karen Pan a/k/a Karen Mykin Pan, an individual, and Houhou Xu, an individual ("Xu"), jointly and individually, d/b/a K&A Co. II d/b/a K&A Co. III d/b/a K&A Company (collectively, the "Defendants") stipulate and consent to the following:

WHEREAS, Chanel owns the below identified registered trademarks:

| Trademark | Registration Number | Registration Date | Class(es)/Goods |
|---|---|---|---|
| ◯◯ | 1,501,898 | August 30, 1988 | IC 014 – Costume Jewelry<br>IC 025 – Belts |
| ◯◯ | 4,074,269 | December 20, 2011 | IC 9 - Protective covers for portable electronic devices, handheld digital devices, personal computers and cell phones<br>(Int'l Class: 16) Temporary tattoos<br>(Int'l Class: 18) Key cases |
| J12 | 2,559,772 | April 9, 2002 | IC 14 – Timepieces, namely, watches and parts thereof |
| CHANEL ◯◯ | 1,464,711 | November 10, 1987 | IC 26 – Barrettes, hair clips, hair bands, hair bows, artificial flowers |

WHEREAS, without the admission of any liability, the parties have amicably resolved their dispute to each of their satisfaction; and

WHEREAS, based upon Chanel's good faith prior use of the Chanel Marks, without the admission of any liability, Chanel has superior and exclusive rights in and to the Chanel Marks in the United States and any confusingly similar name or mark.

IT IS STIPULATED, ORDERED, ADJUDGED AND DECREED that:

1. Defendants and their officers, agents, servants, employees and attorneys, and all persons in active concert and participation with them are hereby permanently restrained and enjoined from intentionally and/or knowingly:

   A. manufacturing or causing to be manufactured, importing, advertising, or promoting, distributing, selling or offering to sell counterfeit and

infringing goods bearing the Chanel Marks and/or using the images of products bearing counterfeit Chanel Marks;

B. using the Chanel Marks in connection with the sale of any unauthorized goods;

C. using any logo, and/or layout which may be calculated to falsely advertise the services or products of Defendants as being sponsored by, authorized by, endorsed by, or in any way associated with Plaintiff;

D. falsely representing Defendants as being connected with Plaintiff, through sponsorship or association;

E. engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of Defendants are in any way endorsed by, approved by, and/or associated with Plaintiff;

F. using any reproduction, counterfeit, copy, or colorable imitation of the Chanel Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendants, including, without limitation, cell phone cases, hair accessories, including hair clips and hair bands, and costume jewelry, including necklaces, bracelets, and earrings, and watches;

G. affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent Defendants' goods as being those of Plaintiff, or in any way endorsed by Plaintiff;

H. secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting or displaying of all unauthorized products which

3
**CONSENT FINAL JUDGMENT AND PERMANENT INJUNCTION**

      infringe the Chanel Marks;

  I.  otherwise unfairly competing with Plaintiff; and

  J.  effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (A) through (I).

  2.  The parties' respective attorney's fees and costs incurred in connection with this action shall be borne as per the agreement of the individual parties in their Settlement Agreement.

  3.  This Court will retain continuing jurisdiction over this cause to enforce the terms of this Consent Final Judgment and Permanent Injunction.

  4.  All products bearing the Chanel Marks at issue currently in the possession, custody, and/or control of Defendants required to be surrendered to Chanel under the terms of the parties' settlement shall be destroyed at the direction of Chanel.

  IT IS SO ORDERED.

DATED: April 28, 2015        _____
                  DOLLY M. GEE
                  UNITED STATES DISTRICT JUDGE

**CONSENT FINAL JUDGMENT AND PERMANENT INJUNCTION**